IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 16-54-RGA |
| LAMONTE BUTLER., | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Defendant has filed a motion which seeks compassionate release. (D.I. 32, 37). I have received further submissions. (D.I. 34, 36, 38, 39).[1] The statute applicable to this motion, 18 U.S.C. § 3582, provides as follows, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

---

[1] Defendant has also filed a section 2255 motion (D.I. 40), which will be addressed separately.

1

>    (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c).

There is a relevant Sentencing Guideline, section 1B1.13, which provides a policy statement, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)   (A)  extraordinary and compelling reasons warrant the reduction; or
>       (B)  the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> (2)   the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3)   the reduction is consistent with this policy statement.

U.S.S.G. §1B1.13.

Further, there is an application note, which provides:

> 1.   Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
> (A)  Medical Condition of the Defendant.—
>       (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>       (ii)  The defendant is—
>             (I)   suffering from a serious physical or medical condition,
>             (II)  suffering from a serious functional or cognitive impairment, or

>   (III) experiencing deteriorating physical or mental health because of the aging process,
>
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B)   <u>Age of the Defendant</u>.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C)   <u>Family Circumstances</u>.
>   (i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>   (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D)   <u>Other Reasons</u>.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13, Applic. Note 1.

By way of background, I sentenced Defendant on March 7, 2017, to a term of imprisonment of ninety months. He is incarcerated at FCI Gilmer, Glenville, West Virginia. (D.I. 32). He is twenty-eight years old. His anticipated release date, according to the Bureau of Prisons Inmate Locator, is October 8, 2022, that is, about twenty-eight months from now.

In essence, before I can grant the motion of a prisoner for compassionate release, the prisoner has (1) to exhaust administrative remedies, *see United States v. Raia*, 954 F.3d 594 (3d Cir. 2020), (2) to show extraordinary and compelling circumstances, (3) to show an absence of dangerousness, and (4) to show that the section 3553(a) factors support a reduced sentence. It appears that I should consider these sequentially. *See, e.g., United States v. Washington*, 2020 WL 1969301 (W.D.N.Y. April 24, 2020).

Here, Defendant requested compassionate release from the Warden on April 27, 2020 (D.I. 38 at 5), more than 30 days have elapsed, and the request has not been granted. The

Government does not dispute that Defendant has met the exhaustion requirement, and that I can consider his request.

Defendant essentially makes no legally-cognizable argument in support of his meeting the requirement that there be extraordinary and compelling circumstances. Rather, he describes the many deaths of his relatives, including that his father "passed away from this virus that's going around." (D.I. 32 at 1). As tragic and devastating as that is, it is not the basis for compassionate release. He also describes in his second letter how FCI Gilmer officials have mishandled the COVID-19 crisis and are violating the inmates' Eighth Amendment rights. (D.I. 37). Accepting that as true, it does not provide a basis for Defendant's compassionate release either.

The Government points out that Defendant has some history of asthma, and that he has been prescribed an albuterol inhaler for asthma since 2017. (D.I. 38 at 6-7). The Government has produced Defendant's medical records. (D.I. 39). As the Government demonstrates (D.I. 38 at 10-11), the records show a young man with mild asthma.

As of June 14, 2020, the CDC website says, "People with moderate to severe asthma may be at higher risk of getting very sick from COVID-19. COVID-19 can affect your respiratory tract (nose, throat, lungs), cause an asthma attack, and possibly lead to pneumonia and acute respiratory disease." Defendant's medical records do not show him to have "moderate to severe asthma" and therefore to be at any substantially greater risk for complications from COVID-19 than a completely healthy individual in prison.[2] Thus, in my opinion, he does not have such health issues as to demonstrate "extraordinary and compelling circumstances," even

---

[2] I also note that the original presentence report makes no mention of asthma in the "Physical Condition" section. (D.I. 27, ¶¶ 113-116).

4

when combined with the on-going COVID-19 pandemic, and thus, he does not qualify for compassionate release. I therefore need not consider the third and fourth steps in the analysis.

Thus, I **DENY** Defendant's motion (D.I. 32, 37) without prejudice.

IT IS SO ORDERED this 15th day of June 2020.

                                               /s/ Richard G. Andrews
                                              United States District Judge