IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LAMONTE BUTLER, | : | |
| | : | |
|    Movant/Defendant, | : | |
| | : | |
| v. | : | Crim. Act. No. 16-54-RGA |
| | : | Civ. Act. No. 20-771-RGA |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
|    Respondent/Plaintiff. | : | |

_____

Lamonte Butler.  *Pro se* Movant.

Christopher L. de Barrena-Sarobe, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware.  Attorney for Respondent.

_____

**<u>MEMORANDUM OPINION</u>**

May 26, 2023
Wilmington, Delaware

/s/ Richard G. Andrews
ANDREWS, UNITED STATES DISTRICT JUDGE:

Before the Court is Movant Lamonte Butler's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (D.I. 40)  The Government filed an Answer in Opposition. (D.I. 46)  For the reasons that follow, the Court will deny Movant's § 2255 Motion as time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2255(f) without holding an evidentiary hearing.

I.   BACKGROUND

On November 30, 2016, Movant pled guilty to a three-count indictment charging him with: (1) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count One"); (2) possessing cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count Two"); and (3) possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)A) ("Count Three"). (D.I. 19)  The Court sentenced Movant on March 7, 2017 to a total of ninety months of imprisonment and five years of supervised release.[1] (D.I. 31)  Movant did not appeal his conviction or sentence.

Movant did, however, file a § 2255 Motion[2] asserting the following two grounds for relief: (1) pursuant to *Rehaif v. United States*, 139 S.Ct. 2191 (2019), he is actually innocent of

---

[1] More specifically, the Court sentenced Movant as follows: (1) thirty months of imprisonment for Count 1, followed by three years of supervised release; (2) thirty months of imprisonment for Count Two, to run concurrently with Count One, followed by three years of supervised release to run concurrently with Count One; and (3) sixty months of imprisonment for Count Three, to run consecutively with Counts One and Two, followed by five years of supervised release to run concurrently with Counts One and Two. (D.I. 31 at 2-3)

[2] Movant's plea agreement contains a waiver of his appellate and collateral rights, and explicitly prohibits him from filing "a motion under 28 U.S.C. § 2255" (except to allege ineffective assistance of counsel). (D.I. 19 at ¶ 15)  The instant § 2255 Motion does not assert any ineffective assistance of counsel claims and, therefore, appears to constitute the type of collateral attack prohibited by the appellate/collateral waiver.  Nevertheless, since the Government does

violating § 922(g)(1) because the Government did not prove Movant knew he possessed a firearm and knew he belonged to the relevant category of persons banned from possessing a firearm (D.I. 40 at 4); and (2) his guilty plea was unknowing and involuntary because the Court did not inform him of all the elements of a § 922(g) offense. (D.I. 40 at 5)

The Government filed a Response in opposition, arguing that: (1) Claim One, while timely filed, should be dismissed under the concurrent sentence doctrine or as procedurally defaulted (D.I. 46 at 4-11); and (2) Claim Two should dismissed as time-barred. (D.I. 46 at 11-13)

## II.     STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal prisoners, which begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

not raise the issue, the Court will not address the import of Movant's collateral rights waiver in this Memorandum Opinion.

28 U.S.C. § 2255(f). The one-year limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010) (equitable tolling applies in § 2254 proceedings); *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998) (explaining that one-year limitations period set forth in § 2255 is subject to equitable tolling).

Movant does not allege, and the Court cannot discern, any facts triggering the application of § 2255(f)(2) or (4) for the two Claims asserted in his § 2255 Motion. The Government asserts, however, that § 2255(f)(3) provides a later limitations starting date for Claim One's *Rehaif* challenge to Movant's § 922(g) conviction, because Movant filed the Claim within one year of the Supreme Court's June 21, 2019 issuance of *Rehaif*. The Court does not agree. A person is guilty of possession of a firearm by a convicted felon under § 922(g)(1) if: (1) he/she has been convicted of a crime of imprisonment for a term in excess of one year; (2) he/she knowingly possessed the firearm; and (3) the firearm traveled in interstate commerce. *See* 18 U.S.C. 922(g)(1); *United States v. Higdon*, 638 F.3d 233, 239-40 (3d Cir. 2011). In *Rehaif*, the Supreme Court held "that the word 'knowingly' applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government ... must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S.Ct at 2194. Importantly, *Rehaif* "did not state a rule of constitutional law,"[3] and neither the Supreme Court nor the Third Circuit Court of Appeals have "made [the right in *Rehaif*] retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Since the right recognized in *Rehaif* has no retroactive impact for Movant , the Court concludes that *Rehaif* does not trigger a later starting date for the limitations period as applied to Claim One. Given

---

[3]*In re Sampson*, 954 F.3d 159, 161 n.3 (3d Cir. 2020).

these circumstances, the one-year period of limitations for both Claims in the instant § 2255 Motion began to run when Movant's conviction became final under § 2255(f)(1).

Movant did not appeal his judgment of conviction that was entered on March 13, 2017. Consequently, his conviction became final on March 28, 2017, the date on which the fourteen-day period for filing an appeal expired. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Applying one year to that date, Movant had to file his § 2255 Motion no later than March 28, 2018. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to anniversary method, *i.e.*, limitations period expires on anniversary date of triggering event for starting limitations period). Movant did not file the instant § 2255 Motion until October 1, 2019,[4] approximately one year and six months after the expiration of the filing deadline. Thus, the instant § 2255 Motion must be dismissed as time-barred, unless equitable tolling is available.

The one-year limitations period may be tolled for equitable reasons only if a movant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648-49. Equitable tolling is not available where the late filing is due to a movant's excusable neglect. *See Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004); *Miller*, 145 F.3d at 618-19. Consistent with

---

[4] Movant's § 2255 Motion is dated October 1, 2019 (D.I. 40 at 12), but the envelope in which Movant mailed the Motion is postmarked June 8, 2020 (D.I. 40 at 13). Pursuant to the prison mailbox rule, a "*pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing." *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Since both dates occurred after the expiration of AEDPA's one-year statute of limitations, the Court adopts the earlier date – October 1, 2019 – as the date of filing.

these principles, the Third Circuit has specifically limited equitable tolling of § 2255's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). The movant bears the burden of showing that an extraordinary circumstance stood in his way. *See McAleese v. Brennan*, 483 F.3d 206, 219 (3d Cir. 2007).

In this case, Movant does not assert that he was misled, that he mistakenly asserted his rights in the wrong forum, or that any extraordinary circumstances prevented him from filing his Motion on time. To the extent Movant's untimely filing was the result of legal ignorance or a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

Additionally, to the extent Movant asserts his "actual innocence" in an attempt to trigger equitable tolling for his § 2255 Motion, the argument is unavailing. In *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), the Supreme Court held that a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See also Satterfield v. Dist. Attorney of Phila*, 872 F.3d 152, 162 (3d Cir. 2017) ("*McQuiggin* allows a petitioner who makes a credible claim of actual innocence to pursue his or her constitutional claims even in spite of AEDPA's statute of limitations by utilizing the

5

fundamental-miscarriage-of-justice exception."). The *McQuiggin* Court, however, cautioned that "tenable actual-innocence gateway pleas are rare," and a prisoner only meets the threshold requirement by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386. An actual innocence claim must be based on "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence ... that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Movant contends he is "actually innocent" of his conviction for Count One because the Government did not prove his knowledge of his status as a person prohibited from possessing a firearm and his knowledge that he was in possession of a firearm. This contention does not constitute "new reliable evidence" sufficient to satisfy the *McQuiggan/Bousley* standard. Thus, Movant's assertion of actual innocence does not suffice to equitably toll the statute of limitations.

For all of these reasons, the doctrine of equitable tolling is not available to Movant on the facts he has presented. Accordingly, the Court will dismiss the instant § 2255 Motion in its entirety as time-barred.[5]

## III.    EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that

---

[5]Given its determination that the both Claims in the instant § 2255 Motion are time-barred, the Court will not address the Government's alternate arguments for denying Claim One. (*See* D.I. 46 at 4-11)

the movant is not entitled to relief.  28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a)*,* 28 U.S.C. foll. § 2255.  As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255.  Therefore, an evidentiary hearing is not warranted.

### IV.     CERTIFICATE OF APPEALABILITY

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant § 2255 Motion is time-barred.  Reasonable jurists would not find this conclusion to be debatable.  Accordingly, the Court will not issue a certificate of appealability

### V.     CONCLUSION

For the reasons discussed, the Court will deny the instant § 2255 Motion as time-barred.  The Court will not hold an evidentiary hearing or issuing a certificate of appealability.  An appropriate Order will be entered.